IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY J. MAZANETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 21-775 |
| vs. | ) | |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | | |

ORDER

AND NOW, this 15th day of November 2022, having considered the parties' motions for summary judgment, the Court will order judgment in Defendant's favor.  The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence; therefore, it will be affirmed.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1]     Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).  There is no impact on the case.  42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect the substitution.

[2]     Plaintiff has raised three arguments challenging the ALJ's decision which is the final agency decision in this matter because the Appeals Council denied Plaintiff's request for review (R.1).  20 C.F.R. § 404.981.  First, Plaintiff has argued that the ALJ based his non-disability determination on his finding that Plaintiff could work as a Clothes Folder or Classifier even though those occupations conflict with a limitation the ALJ included in Plaintiff's residual functional capacity ("RFC").  Second, Plaintiff has argued that the other occupation the ALJ identified for her—Garment Sorter—was identified with a Dictionary of Occupational Titles ("DOT") number that does not exist by the vocational expert ("VE") at her hearing, and therefore ought not to have been relied upon in the decision.  Third, Plaintiff has argued that the ALJ erred insofar as he failed to discuss her work history in his evaluation of her alleged symptoms and limitations.  Plaintiff's first argument is persuasive, but the second and third are not.

Accordingly, and as explained herein, the Court will grant Defendant's motion and affirm the underlying denial of Plaintiff's DIB application.

The ALJ's decision is reviewed for substantial evidence. *Biestek*, 139 S. Ct. at 1152. Substantial evidence "has been defined as 'more than a mere scintilla,'" *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). ALJs have "a duty to hear and evaluate all relevant evidence in order to determine whether an applicant is entitled to disability benefits." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Accordingly, an ALJ's "findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision." *Id.* at 705 (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)).

ALJs determine disability pursuant to a five-step sequential evaluation. 20 C.F.R. § 404.1520(a)(4). Pursuant thereto, an ALJ asks "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009); 20 C.F.R. § 404.1520(a)(4)(i)—(v). The claimant generally bears the burden of proof; however, "[t]he Commissioner bears the burden of proof for the last step." *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000).

In this matter, the ALJ resolved steps one, two, and four in Plaintiff's favor. (R. 17, 26). To determine whether Plaintiff could perform work other than her past work at step five, the ALJ sought a VE's expert opinion as to whether someone with Plaintiff's remaining work ability and relevant characteristics could work. Based on the VE's testimony, the ALJ identified three representative occupations for Plaintiff at step five: Clothes Folder (DOT 369.687-018), Garment Sorter (DOT 222.687-014), and Classifier (DOT 361.687-014). (R. 27). Because those occupations corresponded to more than 400,000 jobs in the national economy, the ALJ found Plaintiff to be not disabled. (R. 27—28).

Plaintiff has argued that two of the three occupations the ALJ identified for her at step five—Clothes Folder and Classifier—require frequent or constant exposure to humidity and wetness which conflicts with the RFC the ALJ formulated for her. Among the limitations in the RFC was a limitation to no more than "[o]ccasional" exposure to "humidity and wetness." (R. 20). This apparent conflict, Plaintiff argues, was not resolved by the ALJ despite the ALJ's obligation to resolve it pursuant to SSR 00-4P, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). *Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002). The Court agrees that the ALJ failed to adequately address this conflict. The ALJ was not unaware of it; rather, he specifically acknowledged the conflict in his decision. (R. 28 (mistakenly referring to the "Garment Sorter" occupation instead of Classifier)). He purported to resolve the conflict by explaining that the VE had relied in part on the DOT but otherwise on her education and experience: "While the Clothes Folder and [Classifier] positions are noted to require more than occasional exposure to humidity

2

and wetness, the vocational expert stated that her responses regarding such positions were based on her education and professional experience, despite variances (*see* Hearing Transcript)." (*Id.*). But that explanation is inadequate because it is not at all clear from the transcript that the VE relied upon her education and experience with regard to humidity and wetness.

When the ALJ questioned the VE at Plaintiff's hearing, he first asked her about Plaintiff's past work. (R. 58). Once Plaintiff's past work had been classified, the ALJ presented a hypothetical question to the VE which was representative of the RFC he ultimately formulated for Plaintiff. (R. 59—60). Based on the hypothetical, the VE testified that Plaintiff could not return to past relevant work, but could adjust to work as a "clothes folder," "garment sorter," or "classifier." (R. 61). When asked if her testimony was consistent with the DOT, the VE testified that it was except insofar as the DOT did not: address "changing positions" at intervals; specify "unilateral" versus "bilateral" for operation of foot controls; specify direction for reaching; or define interpersonal contact with regard to "co-workers" versus "supervisors" versus "the general public." (*Id.*). For that information, the VE testified that she relied on her "professional experience." (*Id.*). The omission of humidity and wetness from the list provided by the VE undermines the ALJ's finding that the VE's reliance on her professional experience for some testimony resolved the humidity and wetness conflict. Accordingly, because the ALJ's purported resolution of the conflict is not a "reasonable explanation," *Burns*, 312 F.3d at 127 (quoting SSR 00-4p), the Court will proceed in its consideration of Plaintiff's other arguments as though the ALJ relied solely on the Garment Sorter occupation at step five.

Plaintiff's second argument is that the VE identified this sole remaining occupation by a DOT code that does not exist. Plaintiff has argued that this creates yet another conflict the ALJ ought to have addressed in his decision. The Court disagrees. At the hearing, the VE testified that an individual with all the limitations included in Plaintiff's RFC could work as a "garment sorter, DOT 222.687-015, light exertional level, 2 SVP, 134,720 national jobs." (R. 61). In his decision, the ALJ identified the occupation in question as "Garment Sorter (DOT #222.687-014), an unskilled position (SVP 2) performed at the light exertional level with approximately 134,000 positions nationally" available. (R. 27). The DOT code for "garment sorter" used by the VE does not exist while the DOT code used by the ALJ—222.687-014—corresponds to the garment sorter position in the DOT which is a light exertion, SVP 2 job. DOT 222.687-014, https://occupationalinfo.org/22/222687014.html (last visited Nov. 10, 2022). It is clear to the Court that the VE was mistaken by a single digit in her explanation of the work that would be available to Plaintiff, but that her testimony ultimately supported the ALJ's step-five finding as to the occupation of Garment Sorter. To the extent the ALJ may have erred in relying on the VE's testimony without addressing her slight misstatement of the appropriate DOT code for the Garment Sorter position, the Court finds that error to be harmless.

This brings the Court to Plaintiff's third and final argument which is that the ALJ inadequately considered her "23-year uninterrupted SGA-level work history from 1996 to 2019, wherein she earned in upwards of $77,000/year." (Doc. No. 14, pg. 7). She argues that this work history/earnings ought to have entitled her to a greater degree of credit than she received

regarding her representation of her symptoms and limitations.  (*Id.*).  This Court recently addressed similar arguments in its decisions in, *e.g.*, *Graham v. Kijakazi*, No. CV 21-1334, 2022 WL 10514312 (W.D. Pa. Oct. 18, 2022) and *Chute v. Kijakazi*, No. CV 21-877, 2022 WL 4338433 (W.D. Pa. Sept. 19, 2022).  In *Graham*, the Court explained that it was "unmoved by Plaintiff's . . . argument that the ALJ overlooked her 'long work history' and therefore insufficiently credited her testimony."  2022 WL 10514312, at \*2 n.2.  The Court noted that the Social Security Administration had "made it clear that an ALJ's evaluation of a claimant's testimony is not an assessment of his or her truthfulness."  *Id.* (citing SSR 16-3P, 2017 WL 5180304, at \*2 (S.S.A. Oct. 25, 2017)).  The Court also acknowledged the relevancy of a claimant's "prior work record" in the evaluation of the claimant's alleged symptoms and limitations.  *Id.* (citing 20 C.F.R. § 404.1529(c)(3); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Taybron v. Harris*, 667 F.2d 412, 415 n.6 (3d Cir. 1981); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984)).  With those considerations in view, the Court concluded the essential thing was "that the ALJ considered the claimant's testimony with 'a broad view of the record' and supported his or her findings with 'substantial evidence.'"  *Id.* (citing *Chute*, 2022 WL 4338433, at \*1 n.1).

In this matter, the ALJ considered Plaintiff's subjective representation of her symptoms and limitations, including that she had difficulty "lifting, bending, standing, sitting, completing tasks, following instructions, getting along with others, memory, and concentration due to physical and mental impairments," among numerous other allegations.  (R. 21).  The ALJ considered these allegations pursuant to the two-part evaluation articulated in SSR 16-3P and determined that while Plaintiff's medically determinable impairments could cause her alleged symptoms, the alleged intensity/persistence/limiting effects of those symptoms were not borne out by the record.  (R. 23).  The ALJ explained that the "objective evidence" did not show Plaintiff's impairments would interfere with RFC-level work.  (*Id.*).  He also explained that Plaintiff's relatively robust daily activities conflicted with her allegations.  (*Id.*).  For instance, the record showed that Plaintiff could "spend time with others, attend church, attend medical appointments, travel to the beach for vacation, take walks, drive, make rosaries, watch television, swim in her pool, clean the kitchen, [and] cook some meals."  (*Id.*).  Though the ALJ did not concurrently address Plaintiff's substantial work history, it was part of his larger consideration of the record, which included a determination of the date Plaintiff last met the insured status requirements of the Act (R. 17) and consideration of Plaintiff's past relevant work as a "Nurse Case Manager . . . Registered Nurse . . . and Nurse Supervisor."  (R. 26).  Based on this analysis, the Court finds no error in the ALJ's assessment of Plaintiff's alleged symptoms and limitations. Accordingly, and because the ALJ's review of the evidence was otherwise thorough, the Court finds that the ALJ's RFC determination is supported by substantial evidence.  Because that RFC and Plaintiff's other characteristics were found to permit adjustment to work as a Garment Sorter—an occupation offering 134,000 jobs in the national economy (R. 27)—the Court will affirm the ALJ's decision finding Plaintiff to be not disabled.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as specified above.

<u>s/ Alan N. Bloch</u>
United States District Judge

ecf:    Counsel of Record